SUMNER J. GREEN *v.* AUSTIN BEDELL.

In the trial of a civil action to recover damages for an assault and battery, it is competent for plaintiff to introduce, in his own behalf, the record of a complaint made before a justice of the peace for the same offence, with the previous proceedings had therein, as evidence to show that the defendant then pleaded *guilty* to the same charge.

It is also competent for plaintiff to show the declarations made by himself during the affray, tending to show the character and extent of the injuries inflicted by the defendant at the time.

Such testimony being material, as part of the *res gestæ*, may be contradicted or supported by other competent proof.

THIS was an action of trespass for injuries to the person, and alleg-

ing by way of special damage, that plaintiff was mail agent on the Grand Trunk Railway, and that in consequence of the injuries received by the assault and battery of the defendant, he was unable for some weeks to perform the duties of such agent, and was obliged to expend a large sum of money, to wit, one hundred dollars, to procure others to perform those duties.

The defendant pleaded the general issue, and filed a brief statement that the plaintiff made the first assault on the defendant, and that what defendant did was done in necessary self-defence.

It appeared that the plaintiff was, at the time of the acts complained of, July 21st, 1865, one of the keepers of a hotel at Lancaster, and that difficulties arose from an attempt of the plaintiff to cause the defendant to leave the hotel, alleging that he was making disturbance there.

The plaintiff was permitted to introduce evidence tending to prove that in consequence of the injuries inflicted by the defendant he was for about seven weeks unable to do the duties of such mail agent, and was obliged to expend considerable sums in procuring others to perform that service for him.

The defendant excepted upon that the matter was too remote, and also because the defendant, at the time of the alleged assault, had no notice or knowledge that the plaintiff was engaged in this service at the pay he received, which was $800 per year, and the service two weeks out of three. The court overruled the exceptions.

The plaintiff also was permitted against the defendant's exception, to introduce the record of a complaint to a justice of the peace for the same assault and battery upon a warrant of the justice and the record of the judgment by him, showing that said Bedell pleaded guilty to the charge.

One Blood, a witness for the plaintiff, was permitted to testify against the defendant's exception, that at the close of the affray he came near the steps of the piazza and saw the plaintiff and defendant close together, the plaintiff looking very pale, and he, the witness, was near to them, and plaintiff said that Bedell pinched one of his testicles and almost killed him, and that Bedell made no reply to it.

And upon the exception being made the court said, as a guide to the jury, that if they found that defendant did not hear what the plaintiff said they must lay this evidence out of the case.

It was contended by the defendant that this witness Blood was not present at any time during the affray, or soon after, and defendant testified that he did not see Blood in the room at the time of the affray, nor at the door at the close of it.

On cross-examination he said he had known Blood before; he had shod defendant's horse a short time before, although his man Monahan drove the nails.

In reply to this the plaintiff was permitted to put in the testimony of Blood, that he had no recollection of shoeing defendant's horse, and that Monahan did not work for him at all until after this affray several months, but the exception was overruled.

Ordered that the questions of law on the foregoing case be reserved for the consideration and determination of the whole court, at its next law term. Either party may read the pleadings in the case.

The defendant moved to set aside the verdict upon the ground of misconduct in the plaintiff in tampering with the jury; and it was decided that testimony be taken before the clerk, as commissioner, by defendant in thirty days, and by plaintiff in reply by second Tuesday of January next.

*Ray & Ladd*, for plaintiff, upon the first point in the case, quoted 2 Phillips' Evidence 25, 1 Greenleaf's Evidence 537 and note, *Bradley* v. *Bradley*, 2 Fairfield 367; no question of estoppel arose in the case. Also, that plaintiff's witness, Blood, witnessed the affray, and heard what was said, and gave material testimony in in the case. Defendant denied that Blood was present at the time; whether this was true or not became a material fact to be proved.

Plaintiff claimed the right, in order to sustain Blood, to contradict the party, called by the other side upon any point material to the issue, whether elicited by examination, or otherwise.

*Fletcher & Heywood*, for defendant, upon the first point, referred the court to *Dimick* v. *Lyford*, 20 N. H. 548; *Chamberlain* v. *Carlisle*, 26 N. H. 540; 2 United States Digest, page 220, *placitum*, 320, 321. Upon second point, to *Steer* v. *Little*, 44 N. H. 613.

The counsel also contended that the plaintiff, having, on cross-examination, elicited from defendant, immaterial facts in regard to Blood, for instance, his shoeing a horse, &c., could not legally call other witnesses to disprove what defendant said on that subject, or to show the facts different from the witness's statement. *Conn.* v. *Buzzell*, 16 Pick. 154; *Ware* v. *Ware*, 8 Greenl. 42.

NESMITH, J. 1. The first exception insisted upon by the defendant is, that the plaintiff was permitted, against the defendant's objections, to introduce the record of a complaint to a justice of the peace for the same assault and battery, together with the warrant issuing thereon, and the judgment of the justice, showing that the defendant in such criminal proceeding pleaded guilty to the charge.

Such evidence is received in civil cases, on the ground that it is the deliberate confession of guilt, and for this reason is regarded as among the most efficient proofs in the law. 1 Greenl. Ev. § 215. They are denominated judicial confessions, being made before the magistrate, or in open court in the due course of judicial proceedings, and it is essential that they be made of the free will of the party, and with a full and perfect knowledge of the nature and consequences of the confession. Of this kind are the preliminary examinations taken in writing by magistrates pursuant to statute law, and the plea of guilty made in open court to an indictment. Such confessions or pleas are presumed to be

made deliberately under the deepest solemnities, and generally with the advice of counsel, and the protecting caution and oversight of the court. They are receivable as evidence, being proved like other facts, and to be weighed by the jury. 1 Greenl. Ev. § 216.

The original record, or a copy of the judgment, duly certified, furnished by the magistrate who heard the complaint, and recorded the plea and judgment, would seem to be the highest and best evidence that could be furnished in such cases, though it seems that, sometimes, oral testimony has been adjudged sufficient to prove such confessions. 1. Greenl. Ev. § 90, and cases cited in note.

Defendant's exception upon this point is overruled.

2. It appears to us that the declarations of the plaintiff, as testified to by Blood, relative to the character and extent of his personal injuries inflicted upon him by defendant during the affray would be pertinent to the issue, as constituting part of the *res gestœ*, provided the same were made in the presence or hearing of such witness. 1 Greenl. Ev. § 101; 1 Phillips' Ev. 191; *Perkins* v. *Railroad,* 44 N. H. 225. That the plaintiff was looking very pale at the time of the encounter was a distinct fact, to which the witness might properly testify, as being consistent with the other injuries alleged as being received from the defendant at the time.

Upon the cross-examination of defendant, he denied he saw Blood about there, although he knew him. If, then, the jury, should be induced to believe this statement of the defendant, Blood's testimony might, of course, be of no avail. Hence, it would be important to plaintiff to be able to fortify Blood's evidence. As tending to effect this object defendant was inquired of as to his means of knowing Blood. He answered that the only opportunity he had to know him was, that Blood had shod his horse, and his (Blood's) hired man Monahan drove the nails at the time. Now we think it was proper, as tending to weaken the force of the defendant's testimony to call Blood, and show by him, that he had no recollection of shoeing the defendant's horse at all, and that Monahan did not work for him until several months after this affray. In this view, we think the testimony of Blood, when recalled by plaintiff, was not immaterial; and that the authorities quoted by defendant on this point, do not sustain his exception. It is therefore overruled, and there must be

*Judgment on the verdict for plaintiff.*